UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEANE M. KEHOE,

      Plaintiff,

      vs.                           Case No. 12-CV-01091

TOYOTA MOTOR SALES, U.S.A., INC.,
a foreign corporation,

      Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOTION TO
DEFENDANT'S MOTIONS <u>IN</u> <u>LIMINE</u>**

---

The defendant seeks to bar evidence and testimony from the plaintiff regarding various matters. The plaintiff objects to an order precluding certain evidence at trial and requests that the defendant's motions be denied as set forth in detail below.

**1.**      **Motion to Bar any Witness or Documentary Evidence that has not Been Timely and Properly Disclosed.**

The plaintiff timely provided the defendant and the Court with the requisite disclosures in accordance with the Court's scheduling orders and Federal Rules of Civil Procedure. The plaintiff objects to the defendant's motion to the extent it seeks to preclude evidence that the plaintiff was not required to disclose to the defendant.

The plaintiff requests that any order entered by the Court precluding undisclosed witnesses or documentary evidence apply equally to the defendant.

**2.    Motion to Bar Opinion Testimony that has not Been Properly Disclosed.**

The plaintiff objects to this motion as being overly broad and vague.  The plaintiff should not be precluded from introducing testimony at trial regarding matters that were not inquired into by the defendant during the discovery process.  For example, if the defendant failed to explore an area during deposition of the plaintiff's expert, there is no basis to preclude the plaintiff from introducing such testimony at trial.  Defense counsel took the deposition, not plaintiff's counsel.  The plaintiff has no control over what defense counsel did or did not ask or how defense counsel chose to conduct their depositions.

To the extent that the Court grants the defendant's motion, the plaintiff requests that the Court's order be reciprocal and equally enforced against the defendant.

**3.    Motion to Bar any Evidence Regarding any Complaints not made to an Authorized Lexus Dealership Pursuant to the Limited Written Warranty.**

The plaintiff does not anticipate introducing evidence of defects or complaints with his vehicle that were not presented to an authorized Toyota/Lexus dealership.  The plaintiff reported his concerns with the subject vehicle to the defendant and the defendant's dealer and made his vehicle available for repair under the Toyota/Lexus warranty.

The plaintiff continues to experience problems with his vehicle.  Despite the plaintiff making his vehicle available for repair of such problems, Toyota and its authorized dealer failed to repair the plaintiff's vehicle.  The plaintiff should not be

precluded from introducing evidence of ongoing problems simply because he did not return to an authorized dealership each time he experienced a problem.

**4. Motion to Bar Unrelated Recalls or TSB's, or Other Publications not Related to the Alleged Defects Raised by Plaintiff.**

The plaintiff objects to the defendant's motion as vague and overbroad. The plaintiff's concerns with his vehicle are the subject of several Toyota Technical Service Bulletins. On December 19, 2011, the first time the plaintiff's vehicle was brought to the defendant's authorized dealer, the dealer noted that there was a Technical Service Bulletin for the plaintiff's concern. Pursuant to TSIB L-SB-0138-11, the dealer replaced the strut assembly in the plaintiff's vehicle. (See Repair Order 336151 and TSIB L-SB-0138-11 attached as Exhibits A and B to the Affidavit of Vincent P. Megna in Support of Plaintiff's Response in Opposition to Defendant's Motions <u>in</u> <u>Limine</u>). A few months later, when the plaintiff returned to the dealer on May 15, 2012, another Technical Service Bulletin was performed on the plaintiff's vehicle. Updated suspension parts were installed per TSIB L-SB-0021-12. (See Repair Order 343437 and TSIB L-SB-0021-12 attached as Exhibits C and D to the Affidavit of Vincent P. Megna). The following month, on June 28, 2012, an actuator was replaced pursuant to TSIB L-SB-0178-09. (See Repair Order 346009 and TSIB L-SB-0178-09 attached as Exhibits E and F to the Affidavit of Vincent P. Megna).

The defendant has not offered any basis whatsoever to exclude evidence related to such bulletins. Accordingly, the plaintiff should be permitted to introduce evidence

related to the bulletins that apply to the work performed on his vehicle by the defendant's authorized dealer.

**5. Motion to Bar any Reference to Defense Counsel's Out-of-State Status.**

The defendant claims, without explanation, that informing the jury that its counsel is from out-of-state would prejudice the jury or cause confusion for the jury. How could the fact that defense counsel is from Illinois cause any confusion? The defendant is from out of state as well, so why would it surprise or confuse the jury to know that its counsel is also from out-of-state?

The defendant should give the people of Milwaukee more credit than to assume that they will somehow hold it against the defendant for not having local counsel.

The plaintiff asks that the Court deny the defendant's motion as there is no reason to hide from the jury where the attorneys are from.

**6. Motion to Exclude and Separate Witnesses.**

The defendant seeks to have all "non-party witnesses" excluded from the courtroom. The defendant fails to advise the Court that its corporate representatives, Michael Zarnecki and Greg Webster, are also its expert witnesses in this case. It is unfair to the plaintiff to permit the defendant's experts to be present during any and all aspects of the trial while at the same time excluding the plaintiff's expert.

The plaintiff should not be disadvantaged because the defendant is a corporation with an abundance of employees that have expertise in automobiles. If the Court enters an order excluding the plaintiff's expert witness from trial, the defendant's experts, Mr. Zarnecki and Mr. Webster, should similarly be ordered excluded and the defendant may

4

have a different corporate representative present during the trial. In the alternative, the plaintiff requests that the Court permit the plaintiff to have his expert designated as his representative at trial to avoid any prejudice to the plaintiff or unfair advantage to the defendant. The plaintiff's expert witness is essential to the presentation of the plaintiff's case as set forth in Fed. R. Evid. 615(c), and should not be excluded as he has specialized knowledge that will assist counsel.

Finally, while the defendant's motion is labeled as one for exclusion and separation, the substance of such motion only pertains to exclusion of witnesses. To the extent that the defendant also seeks an order for separation of witnesses, the plaintiff objects. The plaintiff's witnesses include his father and girlfriend. The plaintiff should not be prohibited from communicating with them because of the trial. The plaintiff requests that the Court deny the defendant's motion for separation of witnesses.

**8.     Motion to Bar Plaintiff's Expert from Testimony or Opinions Based Upon Future Events and Vouching for the Credibility of the Plaintiff.**

The opinions of the plaintiff's expert, James Dentici, included that the suspension in the plaintiff's vehicle has excessive flexing that will cause it to fail and result in a more catastrophic alignment issue and that the plaintiff's vehicle has an unstable alignment platform that will cause premature tire wear. Mr. Dentici's opinions are based upon his extensive knowledge, experience and background designing, building and repairing vehicles, not "speculation and conjecture" as the defendant argues.

During his deposition, Mr. Dentici explained that he was relying his experience and numerous publications that have been published over the last 50 years discussing

5

alignment and chassis and suspension geometry of cars regarding maintaining proper alignment settings. (See p. 19 of deposition transcript of James Dentici attached as Exhibit G to the Affidavit of Vincent P. Megna).

Moreover, the defendant's own expert, Michael Zarnecki, corroborated Mr. Dentici's opinion regarding tire wear as he found that the tires on the plaintiff's vehicle showed signs of wear on both the inside and outside edges and had tread wear patterns that were more pronounced on the edges than the face of each tire. (See p. 4 of Zarnecki report attached as Exhibit H to the Affidavit of Vincent P. Megna). Mr. Zarnecki's findings confirm that Mr. Dentici's opinion was not mere speculation.

There is ample evidence to support Mr. Dentici's opinions and he should not be precluded from offering his opinions during trial.

The plaintiff also objects to an order barring Mr. Dentici from offering any opinion regarding the plaintiff's credibility. As part of his investigation in forming his opinions in this case, plaintiff's expert met with him and interviewed him regarding the problems he experienced. Mr. Dentici should not be precluded from testifying regarding his conclusion that the plaintiff's concerns were legitimate.

**9.      Motion to Bar Reference to Alleged Design Defects in Plaintiff's Vehicle.**

The defendant cannot be permitted to elude liability for defects or malfunctions in the plaintiff's vehicle. The Magnuson-Moss Warranty Act provides for recovery by a consumer when a manufacturer does not remedy a defect or malfunction within a reasonable time. If the plaintiff establishes a defect or malfunction in his vehicle, he is

6

Case 2:12-cv-01091-LA   Filed 08/28/14   Page 6 of 8   Document 47

entitled to relief under the Magnuson-Moss Warranty Act regardless of the specific cause of the defect or malfunction.

Design defects have served as a basis for class actions against auto manufacturers pursuant to the Magnuson-Moss Warranty Act. *See* Joseph v. General Motors Corporation, 109 F.R.D. 635, 640 (D. CO 1986): "In the present case, there is no dispute that the central issue to be decided is whether the V8-6-4 engine was defectively designed."; In re Cadillac V8-6-4 Class Action, 461 A. 2d 736 (N.J. 1983), statewide class of automobile purchasers with certain engine certified; Alberti v. General Motors Corporation, 600 F. Supp. 1026 (D.C. 1985), class action under Magnuson-Moss related to defective braking system; Walsh v. Ford Motor Co., 588 F.Supp. 1513 (D.C. 1984) class action for defective transmission pursuant to Magnuson-Moss. *See also* McDonald v. Mazda Motors of America, Inc., 603 S.E. 2d 456, 459 (Ct.App. Ga. 2004), trial court erred in granting summary judgment on Magnuson-Moss claim where jury may find defects that were either a manufacturing defect or design defect; Mason v. Porsche Cars of North America, Inc., 688 So.2d 361, 367 (Fl. App. 1997), whether transmission shudder is normal operating characteristic and whether all 1991 Porsche Carreras with same transmission performed the same is not dispositive of whether the condition constitutes a defect.

In addition, courts around the country are currently flooded with Magnuson-Moss Warranty Act cases against General Motors for problems caused by the defective design of ignition switches installed in various models of General Motors' vehicles.

7

Moreover, the sole authority cited by the defendant, <u>In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, & Prods. Liab. Litig.</u>, 754 F. Supp. 2d 1145 (C.D. Cal. 2010), does not apply here as it was based upon California law which separates defects into two explicit categories, design defects and manufacturing defects, and addresses each type of defect differently.

There is no basis to exclude the plaintiff from offering evidence at trial of a design defect with his vehicle. If the problems the plaintiff experienced are the result of a design defect, the design defect may serve as the basis for the plaintiff's claim under the Magnuson-Moss Warranty Act.

Dated this 28th day of August, 2014.

Respectfully Submitted,

By: s/Susan M. Grzeskowiak
TIMOTHY J. AIKEN
State Bar No. 1015763
VINCENT P. MEGNA
State Bar No. 1013041
SUSAN M. GRZESKOWIAK
State Bar No. 1031586
Aiken & Scoptur, S.C.
2600 N. Mayfair Rd., Suite 1030
Milwaukee, WI 53226
Phone No. (414) 225-0260
Fax No. (414) 225-9666
Email: tim@aikenandscoptur.com
vince@aikenandscoptur.com
susan@aikenandscoptur.com